BLANCHE W. MALLETT, *Appellant*, v. W. H. TUNNICLIFFE, as Liquidator of the State Bank of Orlando & Trust Company, of Orlando, Florida, *Appellee*.

148 So. 196.

Division B.

Opinion filed December 21, 1932.

*George Palmer Garrett*, for Appellant;

*H. M. Voorhis*, for Appellee.

TERRELL, J.—This is our third consideration of this case. See Mallett vs. Tunnicliffe, et al., 102 Fla. 809, 136 So. 346,

rehearing denied 102 Fla. 820, 137 So. 238. In the former appeal the order of the Chancellor sustaining a general demurrer to the bill of complaint was reversed because it showed equity as to the claim of preference in favor of Appellant in the sum of $8,150. Immediately after this claim accrued Mrs. Mallett had further correspondence with the State Bank of Orlando and Trust Company, on the basis of which she now contends that she is entitled to a preferential claim in the sum of $10,500. On the going down of the mandate Mrs. Mallett applied to the Chancellor to amend her bill of complaint to permit her to prove and establish her preferential claim for the last mentioned amount. This application was denied, answer was filed, testimony was taken, and a final decree was entered denying the relief prayed for, this appeal is from that final decree.

Two questions are presented and urged for adjudication, viz: (1) The evidence disclosing that Appellant deposited $13,697.14 in the State Bank of Orlando and Trust Company on July 15th, 1929, it is contended that said Bank on that date was hopelessly and irretrievably insolvent and that now Mrs. Mallett has a preferential claim for the full amount of her deposit, none of it having been withdrawn. (2) It is next contended that error was committed by the Chancellor in not permitting Appellant to amend her bill of complaint to enable her to prove and establish her preferential claim in the sum of $10,500.

The first question as stated was fully answered contrary to Appellant's contention in Garrett vs. Tunnicliffe, et al., a companion case to this, decided this date, 107 Fla. 393, 145 So. 213. Further discussion of that question at this time would be superfluous.

The assignment predicated on the denial of Appellant's motion to amend her bill of complaint was well grounded. The record discloses that on July 20th, 1929, the State

Bank of Orlando and Trust Company invoked the sixty-day notice requirement to withdraw savings accounts. Mrs. Mallett, on July 23rd, 1929, having had her request to withdraw $8,150 from her savings account denied, at once served notice on the Bank that she would at the end of sixty days withdraw said amount. On July 25th, 1929, she made inquiry of the Bank as to how she could accomplish further withdrawals and was advised by it two days later, that no formality was necessary other than a notice to the Bank that she wished to withdraw a named sum at the end of sixty days. Pursuant to this *advice* Mrs. Mallett gave the Bank notice that she would at the end of sixty days withdraw $10,500. This notice was accepted by the Bank August 2nd, 1929.

The chancellor found that under this state of facts the proffered amendment was warranted but rejected it because the complainant failed to present a check to the Bank and have it accepted for the amount proposed to be withdrawn. The Bank undoubtedly had a right to require this formality but when the depositor in good faith seeks advice from it, as to procedure in such matters and follows literally the advice given, equity will not deny the relief prayed for because some other course was not followed. If the Bank had in force a regulation governing such procedure it would have been an easy matter to furnish it to the depositor with instructions to follow it, but since it chose rather to give specific directions it is bound by them, if substantially followed.

The proceedings incident to the withdrawal of the $8,150 and the $10,500 were so closely connected that they may be termed the same transaction, at any rate when the Bank accepted the notice to withdraw the $10,500, the relation of debtor and creditor as between Appellant and the Bank was to that extent extinguished and the Bank became a

trustee. The appellant had a right to terminate this relation at any time.

It follows from this conclusion that the decree of the Chancellor is affirmed as to the first question stated and reversed as to the second question.

Affirmed in part, reversed in part.

BUFORD, C.J. AND WHITFIELD AND DAVIS, J.J., concur.

ELLIS, J., concurring.—I think Mrs. Mallett has a preferred claim for the full amount of her deposit $13,697.14. My views are expressed in dissenting opinion in the case of Garrett vs. Tunnicliffe, Liquidator (107 Fla. 393, 145 So. 213), and I think she should be paid in full. My views expressed in the concurring opinion in the case of Everglade Cypress Co. vs. Tunnicliffe, Liquidator (107 Fla. 675, 148 So. 192), both opinions filed December —, 1932.